IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS HEREDIA CHAVEZ, | § | |
| TDCJ No. 1637950, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-16-CV-127-KC |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Carlos Heredia Chavez challenges the concurrent ten-year sentences imposed in *State v. Chavez,* No. 20080D06291 (346th Dist. Ct., El Paso Cnty., Tex., *J. entered*, Feb. 25, 2010), for aggravated kidnaping and sexual assault through a "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1). Chavez contends his counsel failed "to relay [his] repeated acceptance of the State's initial offer of 7 years, on each offense to run concurrent."[1]

Because it appeared from the petition and the record that Chavez did not timely file his § 2254 petition, the Court ordered him to show cause, on or before January 3, 2017, why it should not dismiss it as time barred. The Court granted Chavez an extension until February 3, 2017, but, to date, he has still not submitted a response. Accordingly, the Court will deny Chavez's petition as time barred. Additionally, the Court will deny him a certificate of appealability.

### APPLICABLE LAW

Claims under § 2254 are subject to a one-year statute of limitations.[2] The limitations

---

[1] Pet'r's Pet. 6, ECF No. 1.

[2] *See* 28 U.S.C. § 2244(d)(1) (2012) ("A 1-year period of limitation shall apply to an application

-1-

period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[3]

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[4]  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings ... [including] the time limits upon its delivery."[5]

Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[6] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[7]  It is justified only "'in rare and exceptional circumstances.'"[8]  Such circumstances include

---

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[3] *Id.* §§ 2244(d)(1)(A)–(D).

[4] *Id.* § 2244(d)(2).

[5] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

[6] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[7] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[8] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

situations in which a petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[9]  Moreover, "'[e]quity is not intended for those who sleep on their rights.'"[10]  Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[11]  Furthermore, a petitioner has the burden of proving his entitlement to equitable tolling.[12]  In order to satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion.[13]

## ANALYSIS

As an initial matter, Chavez does not indicate that any unconstitutional "State action" prevented him from filing for federal relief.[14]  Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[15]

---

[9] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[10] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[11] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[12] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[13] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[14] 28 U.S.C. § 2244(d)(1)(B).

[15] *Id.* § 2244(d)(1)(C).  *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) ("as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"); *In re King*, 697 F.3d 1189 (5th Cir. 2012) ("*Frye* did not announce [a] new rule[ ] of constitutional law because [it] merely applied the Sixth Amendment right to counsel to a specific factual context.").

Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction.[16] Thus, Chavez's limitations period began to run when his judgment of conviction became final.[17]

Chavez was convicted on February 25, 2010, and, because he did not file a notice of appeal, his conviction became final thirty days later.[18] Since this date fell on a Saturday, Chavez had until Monday, March 29, 2010, to file notice of appeal.[19] Absent periods of statutory tolling, the limitations period for filing a § 2254 petition expired one year later, on Tuesday, March 29, 2011.[20] Chavez signed and presumably placed his federal petition in the prison mail system on January 16, 2016.[21] It was, therefore, over four years and nine months too late.

Chavez filed a state application for a writ of habeas corpus on May 9, 2014.[22] The Texas Court of Criminal Appeals denied the petition without written order on October 15, 2014.[23] Chavez's "state habeas application did not toll the limitation period under § 2244(d)(2), however, because he did not file it until *after* the period of limitation had expired."[24]

---

[16] *Id.* § 2244(d)(1)(D).

[17] *Id.* § 2244(d)(1)(A).

[18] Tex. R. App. P. 26.2(a).

[19] Tex. R. App. P. 4.1(a); 26.2(a).

[20] *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in 28 U.S.C. §2244(d)).

[21] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[22] Pet'r's Pet. 4.

[23] *Ex parte Chavez*, No. WR-81,497-01 (Tex. Crim. App. Oct. 14, 2014).

[24] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis added).

Chavez suggests the Court should equitably toll the limitations because, "[b]eing a Mexican national who is challenged w/ the English language arts," he has difficulty conveying his legal needs.[25] Although the Fifth Circuit does not appear to have specifically addressed equitable tolling in the context of a petitioner's ability to communicate in English, several other courts of appeal have found that a lack of fluency in English is not an extraordinary circumstance which would justify equitable tolling.[26] Far from being extraordinary, Chavez's circumstances are typical of many prisoners seeking habeas relief in the Western District of Texas. Further, Chavez has not shown that he has been pursuing his rights diligently.

It appears, therefore, that Chavez's petition is time barred and that he is not entitled to equitable tolling.[27] Although the statute of limitations is typically considered an affirmative defense, a district court may raise the defense on its own motion and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[28] However, a district court may not dismiss a petition as untimely on its own initiative unless it gives fair notice to the petitioner and an

---

[25] Pet'r's Pet. 9.

[26] *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (holding lack of proficiency in English is not extraordinary circumstance warranting equitable tolling); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (explaining difficulties with the English language are not "extraordinary circumstances" so as to form a basis for equitable tolling); *Mendoza v. Minnesota*, 100 F. App'x 587, 588 (8th Cir. 2004) (explaining a lack of fluency in English does not constitute an extraordinary circumstance that justifies equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("An inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling.).

[27] *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (explaining the party seeking equitable tolling has burden of showing entitlement to such tolling).

[28] *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

opportunity to respond.[29]

Accordingly, the Court ordered Chavez to explain why it should not dismiss his § 2254 petition as time barred.[30] Although the Court granted Chavez an extension,[31] as of this date he has still not filed a response. The Court finds, therefore, that Chavez's petition is untimely and he is not entitled to equitable tolling. The Court concludes, therefore, that Chavez is not entitled to § 2254 relief.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[32] Although Chavez has not yet filed a notice of appeal, the Court must nonetheless address whether he is entitled to a certificate of appealability.[33] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[34] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[35] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable

---

[29] *Day v. McDonough*, 547 U.S. 198, 210 (2006).

[30] Order to Show Cause, ECF No. 4.

[31] Order Granting Extension, ECF No. 8.

[32] 28 U.S.C. § 2253(c)(1).

[33] *See* 28 U.S.C. foll. §2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[34] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[35] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[36] Here, Chavez is not entitled to a certificate of appealability because jurists of reason would not debate the Court's conclusion that his claims are time barred.

## CONCLUSION AND ORDERS

After carefully reviewing the petition and record, the Court finds that Chavez's claims are time-barred and that he is not entitled to equitable tolling. The Court therefore concludes that Chavez is not entitled § 2254 relief. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Chavez's *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Chavez is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED this 10th day of May, 2017.**



KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[36] *Id*.